**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 14-3152MJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Javier Sanchez-Colin, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to 18 U.S.C. § 3161(h)(8)(A), the parties jointly move for a single 30-day extension of the United States' deadline to indict Defendant as required by the Speedy Trial Act. *See* 18 U.S.C. § 3161. (Doc. 5) Defendant Javier Sanchez-Colin was arrested on April 21, 2014, is accused via a criminal complaint of Reentry After Deportation, a felony, in violation of 8 U.S.C. § 1326(a), and is currently detained as a serious flight risk. (Docs. 1, 3)

The motion indicates the Government has made a plea offer to Defendant, which requires him to waive specific rights and hearings in exchange for a sentence substantially below the sentencing guidelines range, that will be withdrawn if it is not timely accepted before Defendant is indicted. (Doc. 5) The motion articulates several reasons why the motion should be granted. Defendant asserts that "the ends of justice will be served by extending the United States' deadline to indict by 30 days and that the ends of justice 'outweigh the best interest of the public and the defendant in a speedy trial.'" (*Id.* at 2) (quoting 18 U.S.C. § 3161(h)(8)(A)).

**A. The Speedy Trial Act**

Under the Speedy Trial Act, 18 U.S.C. §§ 3161-3172, "[a]ny information or indictment charging an individual with the commission of [a felony or Class A misdemeanor] offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[1] 18 U.S.C. § 3161(b). Certain periods of delay in filing an indictment may be excludable under 18 U.S.C. § 3161(h) (1984). "If no information or indictment is filed within the requisite 30 days, the charges contained in the underlying complaint must be dismissed, although, in accordance with statutory standards, the dismissal may be without prejudice to refiling the charge." *United States v. Barraza-Lopez*, 659 F.3d 1216, 1218 (9th Cir. 2011) (citing 18 U.S.C. § 3162(a)(1)) ("If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) . . . , such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."). The district judge may dismiss with or without prejudice. *See United States v. Pollock*, 726 F.2d 1456, 1459 (9th Cir. 1984). The Speedy Trial Act "was intended to clarify the rights of defendants and to ensure that criminals are brought to justice promptly[,]" and ensure the implementation of the constitutional right to a speedy trial. *Id.* at 1459-60. In *Barraza-Lopez*, the Ninth Circuit held "that when a charge alleged in a complaint is dismissed without prejudice and is then reinstated in a later complaint, indictment or information, the 30-day clock runs anew from the date the charge is refiled." *Id.* at 1221.

Generally, the Ninth Circuit does not favor extending the time to indict and may only do so on a timely motion and an explanation why the Government believes it is in the best interest of the public to extend the time to indict. *See United States v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000) (defendant cannot waive the protections of the Speedy Trial Act

---

[1] The Speedy Trial Act does not apply to petty offenses and Class B or C misdemeanors. *See* 18 U.S.C. §§ 3559(a)(7), 19; *United States v. Garcia-Martinez*, 2009 WL 4438623, at *3 (D. Ariz. Nov. 30, 2009).

indictment clock by stipulating to a continuance). Consistent with its view not favoring indictment extensions, the Ninth Circuit prohibits granting extension to indict, *nunc pro tunc*, when the time to indict has expired. *See United States v. Frey*, 735 F.2d 350, 352 (9th Cir. 1984) (holding district court's post-hoc "ends of justice" findings for continuance under § 3161(h)(8)(A) and attempt to apply findings *nunc pro tunc* to time of granting such continuance violated Speedy Trial Act). In *Frey*, the Ninth Circuit held that a district court could not make these findings post-hoc, and *nunc pro tunc* to the date the continuance was granted, because at the time the district court granted the continuance, the Speedy Trial Act deadline had already been exceeded. *Id*. at 352; see also .

"The power to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice." *United States v. Sumner*, 226 F.3d 1005, 1009-10 (9th Cir. 2000) (citation and internal quotations omitted). "It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." *Id*. at 1010 (citation omitted). Rather, use of *nunc pro tunc* "[i]s limited to making the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *Id*. (citation omitted).

**II. Discussion**

Because Defendant was arrested on April 21, 2014, and charged by a criminal complaint of Reentry After Deportation, a felony, the Government was required to indict Defendant by Thursday, May 22, 2014. On April 22, 2014, the complaint was filed and Defendant appeared before a magistrate judge, starting the thirty-day clock running on that date. *See United States v. Candelaria*, 704 F.2d 1129, 1131-32 (9th Cir. 1983) (holding indictment pursuant to Section 3161(b) was not intended to extend to persons arrested but neither charged nor subject to continuing restraint); *United States v. Lopez-Osuna*, 242 F.3d 1191, 1197 (9th Cir. 2000) ("A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending.") (citation omitted); *United States v. Sanchez-Lopez,* 2011 WL 2435333 (D. Ariz. June 15, 2011). The parties' May 27, 2014

1  Joint Motion for Extension of Time to Indict was untimely filed after the 30-day time to
2  indict had expired.
3        Based on the foregoing,
4        **IT IS ORDERED** that the Joint Motion for Extension of Time to Indict, doc. 5, is
5  **DENIED**.
6        DATED this 29th day of May, 2014.

                              _____
                              Lawrence O. Anderson
                              United States Magistrate Judge